The defendant corporation, on 30 December, 1902, conveyed to one Andrew Brown a parcel of land, described by metes and bounds, in Elizabeth City, N.C. Following the description of the property the deed contains the following language: "The said party of the first part also leases to the said party of the second part the right of way, as at present located, through the said Toadvine Lumber Company's land for a siding to the line of the Norfolk and Southern Railway for the period of five years from 1 January, 1903, with the right or option to the said Andrew Brown, at the expiration of the said lease of five years of said right of way, to purchase and permanently retain the same in fee, as at present located, upon the payment to the said Toadvine Lumber Company of $500 on or before 31 December, 1907, and upon the payment of the said $500, as aforesaid, the said Toadvine Lumber Company to make a good and perfect title to the said Andrew *Page 94 
Brown for the said right of way as now located. It is further agreed and bargained between the said parties that should the said Andrew Brown decline to purchase the said right of way, as aforesaid, then the said Toadvine company shall permit and allow the said Andrew Brown and convey to him a permanent right of way on their property along Pine Street towards the Norfolk and Southern Railway Company, west, so far as the said Toadvine Lumber Company's property extends towards or up to the said Norfolk and Southern Railway Company, reserving to itself the right of way to lay water pipes and maintain the same forever along the line of Second Street to and from Knobb's Creek from the lands now occupied by the said Toadvine (115) Lumber Company lying southwest of the lands sold to Andrew Brown, as aforesaid." Brown conveyed the land and assigned the lease, together with the options, to the plaintiff, Buffalo City Mills.
At the expiration of the lease, plaintiff, interpreting the contract as a covenant to convey the land over which the right of way extended, tendered defendant the sum of $500 and demanded a conveyance thereof. Defendant stated that it was ready, willing and able to convey the right of way, but refused to convey the land as demanded. Whereupon this suit was instituted to compel the specific performance of the contract as interpreted by plaintiff. His Honor, upon the pleadings and exhibits, adjudged that, upon the payment of $500 by plaintiff, defendant "convey in fee simple to the plaintiff a right of way over the strip of land described in the deed of defendant to Andrew Brown." He also adjudged that plaintiff was not entitled to demand a conveyance of the land. Plaintiff excepted and appealed.
The sole question raised by plaintiff's contention is whether the contract to convey an easement in fee simple over the land is to be construed as a contract to convey the land itself. Conceding that there is no rule of construction leading to this conclusion, counsel contend that an examination of the entire instrument discloses that such was the intention of the parties. He calls attention to the last clause, providing that in the event that Brown shall not purchase the right of way described in the former clause the defendant will convey a right of way on their property along Pine Street, etc., reserving to itself the right to lay water pipes and maintain the same, etc. From this he draws the conclusion that if by paying $500 for the right of way, as described in the first clause, he gets nothing more than the easement, he is put in the attitude of paying for something which by *Page 95 
the second clause he is entitled to demand without paying anything. This he says is an unreasonable construction to put upon the language of the entire deed. It is evident that the right secured to Brown in the second clause of the deed is not coextensive with that which (116) he acquired by paying the sum of $500, as described in the first clause. There is no language in the deed explaining the extent of the difference, nor is it necessary for us to conjecture what it may be. It is manifest that Brown did not contract to pay $500 for an easement which in the same contract is secured to him for nothing. In any aspect of the case, we find no authority for construing the contract to convey aneasement into one to convey the land, and this is the result to which the plaintiff's contention arrives. We concur with his Honor, and the judgment must be
Affirmed.